UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
DAREN TRAPP,

                       Plaintiff,

           -v-

COMMISSIONER OF SOCIAL
SECURITY,

                     Defendant.
―――――――――――――――――――――――――――

11-CV-6596 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Daren Trapp filed suit in this Court in 2017 challenging a final adverse determination of eligibility for disability benefits by the Commissioner of Social Security.  (*See* ECF No. 27 at 2.)  On May 22, 2017, Trapp retained Christopher J. Bowles on a contingency-fee basis, whereby in the event of a favorable outcome, Trapp would pay Bowles "twenty-five percent of the past due benefits payable to him and his auxiliary beneficiaries in exchange for legal services in federal court."  (*Id.*)  On November 1, 2021, the final adverse determination was vacated, and the action was remanded to the Social Security Administration following the U.S. Supreme Court's decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021).  (ECF Nos. 23 & 24.)  Upon remand, Bowles represented Trapp before an Administrative Law Judge and secured a favorable decision entitling Trapp and his daughter to disability benefits for the period from March 1, 2011, to June 8, 2017, totaling $227,881.  (ECF No. 27 at 3.)  Bowles now seeks the Court's approval, required by 42 U.S.C. § 406(b), of a contingency-fee award of twenty-five percent of Trapp's past due benefits, or $56,430.25.  (ECF No. 25.)  Counsel for the Commissioner certified the requested amount by letter to the Court but did not take a position on its reasonableness.  (ECF No. 30.)

      "Section 406(b) of the Social Security Act . . . allows courts to grant reasonable attorney's fees for successful representation in Social Security Actions . . . not in excess of 25

percent of the total of the past-due benefits . . . ." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (cleaned up). The Court is to perform an "independent check" of such contingency-fee arrangements, inquiring into the "character of the representation and the results the representative achieved," whether "the attorney is responsible for delay," and whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 853 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). Here, Bowles took on a case with an uncertain outcome, for several years, and achieved a beneficial outcome for Trapp upon remand to the Social Security Administration. Though a lodestar analysis of Trapp's requested fee is high—$1,952.60 per hour—"even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. Moreover, Bowles's proffered cases demonstrate that lodestar amounts akin to the one he requests here have been approved by courts in this District and by the Second Circuit. (*See* ECF No. 27 at 6-8.) It also does not appear that Bowles is responsible for any delay in the case.

Accordingly, Bowles's motion for approval under 42 U.S.C. § 406(b) of the May 22, 2017 contingency-fee agreement, as well for approval under the same of a contingency-fee award of $56,430.25 out of the past due benefits owed to Trapp and Trapp's daughter, is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 25.

SO ORDERED.

Dated: October 2, 2024
      New York, New York

_____
J. PAUL OETKEN
United States District Judge